Troutman Sanders LLP
875 Third Avenue
New York, New York 10022

troutman.com



**Bennet J. Moskowitz**
**D: 212-704-6000**
bennet.moskowitz@troutman.com

April 10, 2020

**ELECTRONIC COURT FILING**

Hon. Debra Freeman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:   *Teala Davies v. Darren K. Indyke and Richard D. Kahn, as Executors of the Estate of Jeffrey E. Epstein*, **1:19-cv-10788 (GHW) (DCF)**

Dear Judge Freeman:

  We represent Defendants Darren K. Indyke and Richard D. Kahn, Co-Executors of the Estate of Jeffrey E. Epstein (together, the "Co-Executors"), in the above-referenced action. We write in response to Plaintiff Teala Davies' ("Plaintiff") April 8, 2020 letter (ECF No. 35) seeking to strike an argument from the Co-Executors' reply brief in support of their motion to dismiss Plaintiff's claims based on torts that allegedly occurred **over fifteen years ago**. Plaintiff's counsel filed their letter, without first conferring with us, incorrectly claiming that the Co-Executors raised a new legal argument in their reply, and supplying new argument themselves, in a rushed attempt at a do-over following their failure to avoid the correct version of the statute of limitations applicable to Plaintiff's claims based on conduct that allegedly occurred in New Mexico *in 2002*. The Court should reject Plaintiff's request for at least five reasons.

  First, there is no "new" argument here. Plaintiff's counsel argues that the Co-Executors' reply brief "attempts for the first time to suggest that a different legal standard applies." (ECF No. 35 at 2.) That is wrong. The Co-Executors contended from the outset, and continue to contend, that Plaintiff's New Mexico claims are time-barred. The Co-Executors argued this in both their motion to dismiss and their reply. (ECF No. 27 at 4; ECF No. 34 at 4.) And Plaintiff's counsel concedes that the Co-Executors "correctly identified the applicable New Mexico law." (ECF No. 35 at 1). Plaintiff has thus been aware since day one that the Co-Executors are moving to dismiss her claims as time-barred and was apprised of the legal bases for that motion.

  Even where an argument in a party's reply brief is deemed an "extension" of an argument made in its moving brief, the argument is not "new." *Niv v. Hilton Hotels Corp.*, 710 F. Supp. 2d 328, 338 n.4 (S.D.N.Y. 2008). In *Niv*, the court rejected plaintiff's letter request to disregard defendants' argument that Israel was an adequate alternative forum on the ground it



was newly raised in defendants' reply. *Id.* The *Niv* court held that the argument was not new, as defendants' motion argued that New York was not an adequate forum, and thus the contention that Israel was an adequate forum was simply an extension of this argument. *Id.*

There is also no unfair surprise[1] warranting the Court's disregard of the Co-Executors' legal arguments. *See Ruggiero v. Warner-Lambert Co.*, 424 F.3d 249, 252 (2d Cir. 2005) (finding plaintiff could not claim she was "blind-sided" by defendants' reliance on a particular argument that was raised, albeit more generally, in defendants' moving papers).

Second, even if an argument is deemed "new," where, as here, it is reasonable to expect that argument, it is not prejudicial for the Court to consider it. *Niv*, 710 F. Supp. 2d at 338 n.4 ("[E]ven if considered a new argument, the Court believes that it was reasonable to expect this argument and therefore it is not prejudicial to plaintiffs to consider those materials.").

Third, even if the Co-Executors supplied a new argument in their reply brief—they did not—the Court has the discretion to and should consider it in the interest of justice. *See Am. Hotel Int'l Grp. Inc. v. OneBeacon Ins. Co.*, 611 F. Supp. 2d 373, 375 (S.D.N.Y. 2009) ("[T]he Second Circuit has made it abundantly clear that a district court has discretion to consider a belatedly-raised argument."); *Niv*, 710 F. Supp. 2d at 338 n.4 (holding a court may consider a new argument raised in reply where "in the interest of justice"). The correct version of the statute applicable to Plaintiff's New Mexico claims is a potentially dispositive legal issue this Court must determine. This Court should not be precluded from considering that version merely because Plaintiff failed to consider it. That is especially so where, as here, Plaintiff does not contend that she has been unfairly prejudiced or surprised.

Fourth, Plaintiff's substantive argument—that, even under the correct version of the statute, her claims arising from alleged acts in New Mexico are timely—is incorrect. The applicable version of the statute of limitations required her to commence an action by the later of: (1) the first instant of the person's twenty-fourth birthday ("Prong One"); or (2) three years from the date of the time that a person knew or had reason to know of the childhood sexual abuse and that the childhood sexual abuse resulted in an injury to the person, ***as established by competent medical or psychological testimony*** ("Prong Two"). *Kevin J. v. Sager*, 2000-NMCA-012, ¶ 7, 128 N.M. 794, 796-97, 999 P.2d 1026, 1028-29 (citing the correct version of N.M. Stat. § 37-1-30, emphasis added). Plaintiff alleges in her Complaint that she "still has not disclosed her abuse to a licensed medical or mental health care provider in the context of receiving health care from that provider." (ECF No. 1 ¶ 67.) Because there ***is no*** date under Prong Two, Plaintiff must have filed her claims by the date established in Prong One. Because Plaintiff's Complaint establishes conclusively that she knew she was abused and injured in New Mexico in 2002, and that she turned twenty-four in 2009, her claims expired under Prong One **10 years ago**. (ECF No. 1 ¶¶ 34, 42-45.)

Plaintiff's reliance on *Kevin J. v. Sager* is misplaced. In *Kevin J.*, plaintiff saw a licensed counselor who helped plaintiff understand the abuse he had suffered and established the date upon which this understanding occurred. 128 N.M. at 795. Here, Plaintiff concedes she has not seen a licensed medical or mental health care provider.

---

[1] Plaintiff does not claim she was surprised or unfairly prejudiced by the so-called "new argument."



      <u>Fifth</u>, Plaintiff continues to ignore that, under New York's borrowing statute, CPLR § 202, which is applicable to federal diversity actions such as this,[2] her claim must be timely under the statute of limitations of **both** New York **and** the jurisdiction where the claim accrued. Thus, even if Plaintiff's claims were timely under New Mexico law—they are not—they still fail because they are untimely under New York law. At the time Plaintiff was allegedly sexually assaulted in 2002, New York's statute of limitations required a plaintiff sexually assaulted as a minor to file her cause of action one year after reaching the age of 18. (CPLR 208; CPLR 215(c).) According to the Complaint, Plaintiff turned 18 sometime in 2003. Accordingly, her claims for alleged torts occurring in New Mexico while she was a minor expired in 2004.[3]

      In sum, Plaintiff has not demonstrated that the Co-Executors rely on a new argument in their reply and concedes the Co-Executors have always argued that Plaintiff's New Mexico claims were untimely under N.M. Stat. § 37-1-30. Nor has Plaintiff established any unfair prejudice or surprise warranting disregard of the Co-Executors' legal arguments. Finally, Plaintiff is incorrect on the merits, as her claims are untimely.

      The real issue here is that Plaintiff failed to plead around the correct version of N.M. Stat § 37-1-30 in her Complaint or to address it in her opposition brief. The version she (erroneously) attempted to invoke is inapplicable to her claims because it became effective years after those claims expired. That Plaintiff missed this important legal issue and did not address the proper version of the statute in her Complaint or opposition brief is not a basis on which to disregard the Co-Executors' arguments, nor to permit Plaintiff to offer new argument by *de facto* sur-reply brief submitted without leave of the Court. The Court should reject Plaintiff's letter motion and grant the Co-Executors' motion to dismiss Plaintiff's Complaint (ECF. No. 27).

      Respectfully submitted,

      <u>s/Bennet J. Moskowitz</u>
      Bennet J. Moskowitz

---

[2] "In diversity cases in New York, federal courts apply … C.P.L.R. § 202." *Commerzbank AG v. Deutsche Bank Nat'l Tr. Co.*, 234 F. Supp. 3d 462, 467 (S.D.N.Y. 2017) (citation omitted).

[3] Plaintiff's New Mexico claims were not revived by CPLR § 214-g, the "Child Victim's Act," as they do not state a claim for a violation of New York's Penal Law § 130, a necessary predicate for application of the Child Victim's Act. (Applying to claims for "injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law committed against a child less than eighteen years of age… .")